816 F.2d 671
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James COSTANTINO, Plaintiff-Appellant,
v.
JAYCOR, Defendant-Appellee.
 No. 86-2559.
 United States Court of Appeals, Fourth Circuit.
 Argued March 3, 1987.
Decided April 14, 1987.
 
 Before PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.
 William Lee Bransford (Neill, Mullenolz & Shaw; Stefan C. Long; Long, Donelan & Test, on brief), for appellant.
 John Albert McGuinn (Gary L. Lieber; Christopher W. Mahoney; Rose, Schmidt, Chapman, Duff & Hasley, on brief), for appellee.
 PER CURIAM:
 
 
 1
 The ramifications of the law of dismissal from employment in Virginia require attention here. The Virginia Supreme Court recently stated that:
 
 
 2
 Virginia adheres to the common-law rule that when a contract calls for the rendition of services, but the period of its intended duration cannot be determined by a fair inference from its provisions, either party is ordinarily at liberty to terminate the contract at will upon giving reasonable notice of intention to terminate.
 
 
 3
 Bowman v. State Bank of Keysville, 229 Va. 534, 535, 331 S.E.2d 797, 798 (1985).
 
 
 4
 James Costantino was a long time employee of the Transportation Systems Center (TSC) in Massachusetts. The organization was a research and development arm of the United States Department of Transportation. In 1983, in anticipation of his retirement from TSC in 1985, Costantino began to explore other employment opportunities. He contacted the JAYCOR Corporation, a California Company with an office in Virginia. Negotiations ensued during which Costantino expressed a wish for a permanent position. JAYCOR's President, Dr. Young, gave a response which indicated that JAYCOR did not wish to employ Costantino merely on a temporary basis. However, Dr. Young refused Costantino's request for a written employment contract. Dr. Young told Costantino that while JAYCOR did not have written employment contracts, many key employees had remained with JAYCOR for many years. Costantino spoke with JAYCOR employees who described the Company as "one big happy family" where employees stayed for a long time. The final result was that Costantino was unsuccessful in obtaining a written contract.
 
 
 5
 On October 18, 1983, JAYCOR wrote to Costantino offering him the position of Chief Operating Officer, which was later retitled Executive Vice President, at a monthly salary of $12,500. The letter also offered Costantino an option to purchase JAYCOR stock upon the achievement of certain goals and other fringe benefits. The letter concluded with the statement that JAYCOR "look[ed] forward to a long and mutually rewarding relationship."
 
 
 6
 Costantino himself testified that there were no other terms or further conditions of his employment except for the title of his job and the statement that his admission into the company would not result in turf wars with other existing officers.
 
 
 7
 Costantino began to work for JAYCOR in November of 1983. In late June of 1984 his resignation was requested effective July 31, 1984.
 
 
 8
 On October 3, 1985, Costantino filed a six count complaint in the United States District Court for the Eastern District of Virginia (Alexandria Division). One of the counts (Count IV) was dismissed as time barred and Counts V and VI were dismissed as not stating a cause of action. A jury trial occurred with respect to Counts I-III, the court having expressly refused to dismiss the contract counts which were subject to a three year statute of limitations. Va.Code Sec. 8.01-246 (1984). The court also held that under Virginia law, where no specific time has been fixed determining the duration of employment, a presumption is created, which can be rebutted by cogent evidence, that the employment is at-will. See Barger v. General Electric Co., 599 F.Supp. 1154, 1159 (W.D.Va.1984); Frazier v. Colonial Williamsburg Foundation, 574 F.Supp. 318 (E.D.Va.1983).
 
 
 9
 The court, finding no cogent evidence of a definite term of employment in the plaintiffs' case, directed a verdict for the defendant. The description of JAYCOR as "one big happy family", actual long time employment for other key employees and the promise of future stock options were properly held not to rebut the at-will presumption.
 
 
 10
 Constantino's reliance on JAYCOR's Policy and Procedure Manual was misplaced. The district judge properly excluded from evidence the Manual which specified only cause and reduction in force as bases for termination of employment. The Manual was not admitted into evidence because of Costantino's failure to lay a proper foundation for its admission. He failed to establish that the Manual was applicable to him in his elevated capacity as Executive Vice President. Costantino's departure from his job with the United States Government did not constitute consideration for his becoming a JAYCOR employee and therefore did not rebut the at-will presumption. Page v. Carolina Coach Company, 667 F.2d 1156 (4th Cir.1982). Finally, no promise was made to Costantino on which he could have justifiably relied. Therefore, no basis for establishment of promissory estoppel existed. Accordingly, the directed verdict on Counts I-III was correctly granted.
 
 
 11
 Turning to Count IV we find that it unquestionably sounded in tort. Count IV sought punitive damages, relief not available in a breach of contract action. Furthermore, employee discharge in Virginia is a tort. Bowman v. State Bank of Keysville, 229 Va. 534, 331 S.E.2d 797 (1985). Therefore, the catch-all one year limitations period was applicable. Va.Code Sec. 8.01-248 (1984).
 
 
 12
 Costantino has argued that the tort claim of improper discharge is governed by the two-year limitations period of section 8.01-243(A). However, that section is restricted generally to actions arising out of injury to the body. Howard v. Aluminum Workers International, 589 F.2d 771, 775 (4th Cir.1978). There are two exceptions to the bodily injury requirement. One is an action for the tort of emotional distress, even when unaccompanied by actual physical injury. See Sea-Land Services, Inc. v. O'Neal, 224 Va. 343, 297 S.E.2d 647 (1982); Warren v. Bank of Marion, 618 F.Supp. 317, 324 (W.D.Va.1985). Second, is an exception for an action involving federal civil rights claims. Almond v. Kent, 459 F.2d 200 (4th Cir.1972). Count IV fails to meet the requirements of either exception. Costantino has alleged the tort of improper discharge and not the tort of infliction of emotional distress and he has also failed to make a federal civil rights claim. As a result, the one-year statute rather than the two-year statute was properly held applicable to Count IV and, therefore, Count IV was properly dismissed as time barred.
 
 
 13
 Count V alleged a breach of good faith and fair dealing. The contract was apparently formed in Massachusetts and it was understood that Constantino would work predominantly in Virginia and spend a lesser amount of time in Massachusetts. The choice-of-law rules of the state where the court is sitting, in this case Virginia, controls. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941). In Virginia when a contract is to be performed in a place other than the place where it is made, the law of the place of performance governs. New England Oil Corp. v. Island Oil Marketing Corp., 288 F. 961, 967 (4th Cir.1923). See also Poole v. Perkins, 126 Va. 331, 101 S.E. 240 (1919).
 
 
 14
 It is not necessary for us to determine whether Massachusetts or Virginia law governs Count V because dismissal was proper under the law of either state. The Virginia Supreme Court has recently stated that, "where no specific time is fixed for the duration of employment, it is presumed to be an employment terminable at will providing a dismissed employee no basis for recovery against his erstwhile employer ", Sea-Land Service, Inc. v. O'Neal, 224 Va. 343, 349, 297 S.E.2d 647, 650 (1982) (citing Hoffman Company v. Peloyze, 158 Va. 586, 164 S.E. 397 (1932)) (emphasis supplied). In light of the Supreme Court of Virginia's characterization of an employment contract of unlimited duration as a "contract of hazard", Edwards Co. v. Deihl, 160 Va. 587, 169 S.E. 907 (1933), we are not satisfied that Virginia would recognize a covenant of good faith and fair dealing if the court were squarely presented with the issue today. The District Court for the Eastern District of Virginia has previously reached the same conclusion. Fisher v. Southern Oxygen & Supply Co., Inc., No. 82-0912-R (E.D.Va. Sept. 26, 1983). While an unpublished opinion is normally not to be cited, Fourth Circuit Internal Operating Procedures, Rules of the United States Court of Appeals for the Fourth Circuit at 36.5 (July 1986), here Virginia law controls and the unpublished opinion is the most available source of it.
 
 
 15
 Costantino has failed to state a claim upon which relief can be granted under Massachusetts law. While Massachusetts recognizes the existence of an implied covenant of good faith and fair dealing, the Supreme Judicial Court of Massachusetts has said:
 
 
 16
 In awarding damages for breach of the implied covenant of good faith and fair dealing, '[o]ur goal is and has been simply to deny to [the employer] any readily, definable financial windfall resulting from the denial to [the employee] of compensation for past services.'
 
 
 17
 McCone v. New England Tel. & Tel. Co., 393 Mass. 231, 234, 471 N.E.2d 47, 50 (1984) (quoting Gram v. Liberty Mut. Ins. Co., 391 Mass. 333, 335, 461 N.E.2d 796 (1984)) (emphasis supplied). Since Costantino alleged only prospective damages, even if Massachusetts law applied, the claim was properly dismissed.
 
 
 18
 The trial judge's denial of discovery regarding testimony concerning the issues of misallocation of funds and alleged criminal behavior was not improper. The complaint, once Count IV was dismissed, no longer had any basis for evidence showing misallocation of funds or alleged criminal behavior on the part of an employee of JAYCOR. The action of the trial judge, denying discovery on the issues, was not an abuse of discretion. See Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir.1958). The issue before the court was whether Costantino was other than an at-will employee terminable with or without cause. Information regarding the reasons for his discharge was not relevant to establish whether he was an at-will employee and on what basis he could be discharged.
 
 
 19
 Finally there is the issue of the Policy and Procedure Manual's exclusion from evidence. Given Costantino's failure to produce evidence of the manual's applicability to himself as a senior employee, the ruling was a reasonable one not abusing the trial court's discretion. Walker v. Trico Mfg. Co., Inc., 487 F.2d 595 (7th Cir.1973), cert. denied, 415 U.S. 978 (1974).
 
 
 20
 Finding no error in the way the case proceeded in the district court, we affirm.
 
 
 21
 AFFIRMED.