Sue M. **BARADELL**, Plaintiff,

v.

**BOARD OF SOCIAL SERVICES PITTSYLVANIA COUNTY**

and

**Gerald F. Todt, Sr., Director, Defendants.**

**Civil Action No. 96–0049–D.**

United States District Court,
W.D. Virginia,
Danville Division.

Feb. 27, 1997.

Rudolph Albin Shupik, Jr., Chatham, VA, for Plaintiff.

Tammy Moss Finley, The Center for Employment Law, P.C., Roanoke, VA, for Defendants.

## MEMORANDUM OPINION

KISER, Chief Judge.

Before me are defendants' Motion to Dismiss and Supplemental Motion to Dismiss Based on Plaintiff's Failure to Respond. The parties have fully briefed the issues involved and have presented oral argument. The motions are therefore ripe for disposition. For the reasons contained herein, I am of the opinion that defendants' Motion to Dismiss should be GRANTED in part and DENIED in part. Defendants' Supplemental Motion to Dismiss Based on Plaintiff's Failure to Respond should be DENIED.

**FACTUAL BACKGROUND:**

This is an employment discrimination action. On September 12, 1996, plaintiff Sue M. Baradell filed suit in this Court against defendants, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.; the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq.; the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 et seq.; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.; and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.; as well as Virginia state law.

Plaintiff alleges the following facts. The Pittsylvania County Department of Social Services ("the Department") employed Ms. Baradell as a clerical worker from August 6, 1979 until her termination on June 30, 1994. Defendant Board of Social Services is the governing body of the Department and defendant Gerald Todt is the Director of the Department. At the time of her termination, Ms. Baradell was fifty-nine years of age.

In July of 1993, Ms. Baradell began to experience symptoms of depression and came under the care of Dr. Martin Donelson. She was diagnosed as suffering from an acute depressive disorder and was prescribed medication to control said condition. Prior to this diagnosis, her work evaluations had been consistently excellent. During the early winter of 1994, Ms. Baradell's immediate supervisor, Patsy Boswell began to find unspecified fault with Ms. Baradell's work and displayed constant hostility toward her.

On or about May 19, 1994, Ms. Baradell asked to be placed on medical leave and her supervisor agreed. On that date, Ms. Baradell's supervisor also advised her that she was under suspension for five days, without pay. Ms. Baradell demanded to know why yet received no satisfactory answer. On May 20, 1994, Ms. Baradell called Ms. Boswell and stated that she continued to be sick. On May 23, 1994, Ms. Boswell advised Ms. Baradell that she must resign or she would be terminated. Ms. Baradell met with defendant Todt on May 24, 1994, who advised her that she would not be permitted to return to her employment.

Thereafter, Ms. Baradell filed a grievance with the Department, alleging she was under medical care and was disabled within the meaning of the Americans with Disabilities Act. On June 15, 1994, Mr. Todt advised Ms. Baradell that her employment would be terminated as of June 30, 1994. Plaintiff again filed a grievance with the Department, and despite repeated requests, no grievance hearing has been held. On May 23, 1994, during an employee meeting, Mr. Todt announced that Ms. Baradell had been terminated for improper job performance, alleging she had falsified information.

Within a brief period of Ms. Baradell's termination, three other workers in her section, of roughly the same age, were encouraged to resign or retire by various methods, including criticism of their work.

Ms. Baradell made a complaint to the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter from said agency on June 14, 1996. After Ms. Baradell filed her complaint, she alleges that defendants have deliberately obstructed her right to a grievance hearing, opposed her application for disability retirement, and limited her payments for accrued vacation and sick leave.

Ms. Baradell alleges that subsequent to her termination she was replaced by a substantially younger person.

## DISCUSSION:

### I. Dismissal Standard

Rule 12(b)(6) dismissals are generally disfavored and only granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The complaint is to be construed liberally, but must present sufficient information for the court to determine whether there is some recognized legal theory that would permit recovery. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986). I may only test plaintiffs complaint for any legal deficiency, and must construe the factual allegations in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991), *cert. denied*, 503 U.S. 936, 112 S.Ct. 1475, 117 L.Ed.2d 619 (1992).

Defendants also seek dismissal pursuant to Rule 12(b)(1) and 12(b)(2) for lack of subject matter jurisdiction and lack of in personam jurisdiction, respectively. Where jurisdictional defenses are asserted, matters outside the pleadings may be considered. *Adams v. Bain*, 697 F.2d 1213 (4th Cir.1982). A court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction and "may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Id.* at 1219.

### II. The Americans With Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA")

#### A. Defendant Todt

■ A civil action may be filed pursuant to the ADA or the ADEA only after a charge of discrimination has been filed with the EEOC. *See* 42 U.S.C.A. § 12117(a); 29 U.S.C.A. § 626(d). In order to fully exhaust administrative remedies as to a particular defendant, plaintiff must name that defendant in the E.E.O.C charge. A party not named in the

initial charge with the EEOC, ordinarily, may not be subsequently sued for alleged discrimination. *Alvarado v. Bd. of Trustees of Montgomery Com. College*, 848 F.2d 457, 458 (4th Cir.1988).

Plaintiff concedes that Mr. Todt was not named in the EEOC charge and offers no reason to depart from the above rule. Accordingly, Mr. Todt cannot be held liable under the ADA or the ADEA.

#### B. Defendant Board of Social Services

■ Defendants argue that plaintiff's ADA and ADEA claims must be dismissed for failure to file a complaint with the EEOC within 180 days of the alleged discriminatory action, as required by 42 U.S.C. § 2000e–5(f)(1) and 29 U.S.C. § 626(b), (c), (d). The purpose behind this requirement is to provide the EEOC with sufficient information that it can notify potential defendants and to allow the agency to attempt to eliminate the alleged unlawful practices through informal voluntary methods of conciliation prior to more costly litigation. *See* H.R. Conf. Rep. No. 950, 95th Cong., 2 Sess. 12, *reprinted in* [1978] U.S.C.C.A.N. 504, 528, 534; *Greene v. Whirlpool Corp.*, 708 F.2d 128, 129 (4th Cir. 1983); *English v. Pabst Brewing Co.*, 828 F.2d 1047 (4th Cir.1987). Defendants assert that Ms. Baradell received unequivocal notice of the facts giving rise to her claim when she was notified of her termination, effective June 30, 1994. Ms. Baradell, it is alleged, did not file a complaint with the EEOC until May 2, 1995, approximately 321 days after the alleged discrimination.

Ms. Baradell, however, argues that the delay in filing a sufficient EEOC charge was the fault of the EEOC's mishandling of her case and that she should not be punished for the agency's errors. I agree with Ms. Baradell. On November 9, 1994, well within the limitations period, Ms. Baradell submitted a letter to the EEOC which was clearly intended to be a charge of discrimination. On November 23, 1994, the agency responded to Ms. Baradell by letter, stating that "[a]dditional information is needed before we can pursue this matter. Our experience is that an interview is the best way to obtain the needed information. Please call this office

immediately." Ms. Baradell asserts that on December 8, 1994, in accordance with the letter's instructions, she telephoned the EEOC. On December 19, 1994, she again called the EEOC and spoke to four different individuals, none of whom could locate her file. That afternoon an EEOC representative called Ms. Baradell back and advised her that an EEOC investigator would telephone her and conduct the required interview. She received no call.

On December 20, 1994, she again called the EEOC and spoke with an investigator who began the required interview. This interview was completed on December 21, 1994, and Ms. Baradell alleges that she was advised at that time that the agency has sufficient information to draw up the charge. In April 1995, Ms. Baradell was furnished with the official Charge, which she forwarded to the agency on April 25, 1995 with an affidavit correcting certain errors contained in the Charge prepared by the EEOC. The agency issued a right to sue letter on June 14, 1996, and Ms. Baradell filed suit on September 12, 1996.

If Ms. Baradell's undisputed allegations concerning the EEOC's handling of her case are true, it is clear that she cannot be said to have filed her charge in an untimely manner. *See Jennings v. American Postal Workers Union,* 672 F.2d 712 (8th Cir.1982) (where former employee attempted to file a complaint with the EEOC on a date falling within the 180–day limitation period, the complaint was to be deemed timely).

█ Defendant further argues that several of plaintiff's allegations in Count I of the complaint should be dismissed because these claims exceed the scope of the EEOC charge. Plaintiff does not dispute that the basis for the ADA claim asserted in the EEOC charge was her discharge on June 30, 1994. In Count I of the complaint, however, she alleges in addition that defendants violated the ADA by failing to accommodate her alleged disability and harassing her during medical leave. She also alleges that defendants violated the ADA by failing to notify her of her rights.

A claim omitted from an EEOC charge may only be raised where the claim is "rea-

sonably related to the allegations and claims in the administrative charge or, if disclosed, the omitted claim could reasonably be expected to follow from the administrative investigation based on the deficient administrative charge." *Nicol v. Imagematrix, Inc,,* 767 F.Supp. 744, 753 (E.D.Va.1991); *see also Dennis v. County of Fairfax,* 55 F.3d 151, 156–57 (4th Cir.1995).

In the instant action, it is clear that plaintiff's allegations would naturally have arisen from a reasonable administrative investigation. In the November 9, 1994 letter in which Ms. Baradell communicated her claim of discrimination to the EEOC, Ms. Baradell alleged facts which could be construed as a failure to accommodate her disability and harassment. Furthermore, the letter explicitly states that Ms. Baradell was not advised of her rights to challenge the decision to terminate her employment.

Accordingly, defendants' request to dismiss plaintiff's ADA and ADEA claims must be denied.

### III. ERISA

█ In Count III of the complaint, Ms. Baradell alleges that defendants terminated her employment in order to interfere with her rights under her employee benefit plan in violation of ERISA section 510, 29 U.S.C. § 1140. Defendants argue that Ms. Baradell's claim is time barred. While ERISA does not provide a specific limitations period for section 510 cases, courts look to the essence of the ERISA violation and apply the limitations period of the most analogous state cause of action. *See, e.g., Dameron v. Sinai Hosp. of Baltimore, Inc.,* 815 F.2d 975, 981 (4th Cir.1992) (applying Maryland's contract statute of limitations to action alleging a violation of ERISA's non-forfeiture provision, 29 U.S.C. § 1053); *Shofer v. Hack Co.,* 970 F.2d 1316, 1319 (4th Cir.1992) (holding Maryland's statute of limitations for ordinary civil actions applies to claim under ERISA, alleging that employer's benefits manager failed to warn employee of tax consequences of taking his retirement benefits early).

While the Fourth Circuit has not determined which state law cause of action is most analogous to a cause of action for violation of

ERISA section 510, a majority of Circuit Courts have construed section 510 actions as most analogous to wrongful discharge or employment discrimination claims. *See Sutter v. First Union Nat. Bank of Va., Inc.*, 932 F.Supp. 753, 756–57 (E.D.Va.1996) (discussing Circuit Court holdings). The few Courts that have considered which Virginia statute of limitations applies to causes of action under ERISA section 510 have found the most analogous state cause of action to be "wrongful termination," to which the one-year statute of limitations found in former Va.Code Ann. § 8.01–248 [1] is applied. *Purcell v. Tidewater Constr. Corp.*, 250 Va. 93, 458 S.E.2d 291 (1995) (decision prior to 1995 amendment);*Sutter, supra*, 932 F.Supp. at 757 ("An employee proceeding under section 510 is claiming that her employer fired her wrongfully, either to prevent her from obtaining retirement benefits or in retaliation for the employee's earlier exercise of her rights under a benefits agreement. Such a proceeding is almost identical to an action for wrongful discharge in violation of public policy . . ."); *Adkins v. E.I. DuPont De Nemours & Co.. Inc.*, 1995 WL 704779 (D.Del.1995) (holding that the Virginia statute of limitations governing common law actions for wrongful termination, Va.Code Ann. § 8.01–248, applies to section 510 claims).

I agree with the reasoning of *Sutter* and *Adkins* and find that Va.Code Ann. § 8.01–248 applies to the instant action. Ms. Baradell's cause of action accrued in June 1994. She filed this lawsuit in September 1996—over two years after the alleged cause of action accrued. Accordingly, defendants' motion with respect to plaintiff's ERISA claim shall be granted.

### IV. Family and Medical Leave Act

In Count IV of the complaint, Ms. Baradell asserts a claim under the Family and Medical Leave Act ("FMLA"). However, she has conceded that her FMLA claim is time barred by the applicable two-year statute of limitations at 29 U.S.C. § 2617(c)(1). Accordingly, defendants' motion with respect to plaintiff's claims under the FMLA shall be granted.

---

1. Va.Code Ann. § 8.01–248 was amended in 1995 to provide a two-year limitations period for actions accruing on or after July 1, 1995. How-

### V. Implied Covenant of Good Faith and Fair Dealing

█ In Count V of the complaint, Ms. Baradell alleges that the defendants have breached an implied "covenant of good faith and fair dealing in the employment relationship." Virginia law, however, does not recognize an implied covenant of good faith and fair dealing in the employment context. *See e.g., Firebaugh v. General Electric Co.*, No. 85–0763, 1987 WL 109079 (W.D.Va.1987), *aff'd*, 838 F.2d 1209 (4th Cir.1988). Thus, defendants' motion shall be granted with respect to Count V.

### VI. Title VII and the Rehabilitation Act of 1973

Plaintiff has conceded all claims based on Title VII and the Rehabilitation Act of 1973. Defendants' motion, thus, shall be granted with respect to these claims.

### VII. Intentional Infliction of Emotional Harm

█ In Count VII of the complaint, plaintiff alleges intentional infliction of emotional distress. In order to establish a cause of action for intentional infliction of emotional distress, the plaintiff must show that: "[1] the wrongdoer's conduct is intentional or reckless; [2] the conduct is outrageous and intolerable; [3] the alleged wrongful conduct and emotional distress are causally connected; [4] the distress is severe." *Russo v. White*, 241 Va. 23, 26, 400 S.E.2d 160, 162 (Va.1991) (citing *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974)).

█ Ms. Baradell's complaint alleges that defendants behaved in the following manner: After Ms. Baradell began to experience symptoms of depression in July 1993, Ms. Boswell began to find fault with Mr. Baradell's work. On May 19, 1994, Ms. Boswell advised Ms. Baradell she was under suspension. That same day plaintiff had asked to be placed on medical leave. On May 23, 1994, Ms. Boswell told Ms. Baradell that she must resign. On June 25, 1994, Mr. Todt sent a letter terminating Ms. Baradell's employment. Mr. Todt told other employees

ever, because Ms. Baradell's cause of action accrued in June 1994, the one-year limitations period applies.

that she had been terminated for improper performance and that she had falsified information. Defendants have obstructed her right to a grievance hearing, opposed her application for disability retirement, and limited her payments for accrued sick leave and vacation.

■ Ms. Baradell's allegations are not sufficient to make out a claim for intentional infliction of emotional harm. First, defendants' behavior, as alleged, falls far short of the requirement that conduct be "outrageous and intolerable." To satisfy this requirement "it is insufficient for a defendant to have acted with an intent which is tortious or even criminal. Even if a defendant has intended to inflict emotional distress, or has conduct can be characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort, the requirement of the second prong has not been satisfied." *Russo,* 400 S.E.2d at 162 (citing *Ruth v. Fletcher,* 237 Va. 366, 373, 377 S.E.2d 412, 415 (1989)). The conduct in question must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal citation omitted). Defendants' conduct as alleged does not rise to this level.

■ Second, Ms. Baradell fails to satisfy the fourth prong of the approach outlined above. She has alleged in a conclusory fashion that she suffered severe emotional distress as a consequence of defendants' conduct, but fails to specify the particulars of her suffering. Liability arises only when "the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it." *Id.* at 163. Ms. Baradell has failed to detail the distress she claims to have suffered as a consequence of defendants' conduct, and consequently, her claim must fail. Defendants' motion shall be granted as to Count VII. Ms. Baradell, however, shall be granted leave to amend her complaint as to this Count.

### VIII. Section 1983

Plaintiff has alleged violation of the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 *et seq.*

The complaint, however, fails to state how defendants have violated said Act. Consequently, with respect to claims based on the Civil Rights Act of 1871, defendants' motion shall be granted, and plaintiff shall have leave to amend the complaint.

### IX. Defendants' Supplemental Motion to Dismiss Based on Plaintiff's Failure to Respond

Defendants filed their Motion to Dismiss on December 3, 1996. Pursuant to the Pretrial Order, any brief in opposition to defendants' Motion was due by December 20, 1996. Plaintiff did not file a brief in opposition until January 8, 1997. According to the Pretrial Order briefs in opposition must be filed within 14 days of the date of service of the movant's brief, and except for good cause shown, if briefs in opposition are not filed, the motion will be deemed well-taken.

Plaintiff's attorney argues that the Pretrial Order was never delivered to his office and he was unaware that said Order would be forthcoming. I will accept plaintiffs explanation and deny defendants' motion.

### CONCLUSION

For the aforementioned reasons, defendants' Motion to Dismiss shall be GRANTED with respect to defendant Todt on all Counts, Count III (ERISA), Count IV (Family and Medical Leave Act), Count V (Breach of Implied Covenant of Good Faith and Fair Dealing), Count VI (Title VII), any claim based on the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., Count VII (Intentional Infliction of Emotional Harm), and any claim based on 42 U.S.C. § 1983.

Plaintiff, however, shall have leave to amend the complaint with respect to Count VII and claims based on 42 U.S.C. § 1983.

Defendants' Motion to Dismiss shall be DENIED with respect to Count I (Americans with Disabilities Act) and Count II (Age Discrimination in Employment Act) insofar as these claims relate to the actions of defendant Board of Social Services.

Defendants' Supplemental Motion to Dismiss Based on Plaintiff's Failure to Respond shall be denied.

An appropriate order shall issue.

### *ORDER*

In accordance with the written Memorandum Opinion entered this day, it is hereby ADJUDGED AND ORDERED that defendants' Motion to Dismiss is GRANTED with respect to defendant Todt on all Counts, Count III (ERISA), Count IV (Family and Medical Leave Act), Count V (Breach of Implied Covenant of Good Faith and Fair Dealing), Count VI (Title VII), any claim based on the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., Count VII (Intentional Infliction of Emotional Harm), and any claim based on 42 U.S.C. § 1983.

It is farther ORDERED that plaintiff shall have leave to amend the complaint with respect to Count VII (Intentional Infliction of Emotional Harm) and any claim based on 42 U.S.C. § 1983.

It is further ORDERED that defendants' Motion to Dismiss is DENIED with respect to Count I (Americans with Disabilities Act) and Count II (Age Discrimination in Employment Act) insofar as these claims relate to the actions of defendant Board of Social Services.

It is further ORDERED that defendants' Supplemental Motion to Dismiss Based on Plaintiff's Failure to Respond is DENIED.