## KAREN J. GLASCOCK, ET AL.

### v.

## OSCAR M. LASERNA, M.D., ET AL.

Record No. 930182

January 7, 1994

Present: All the Justices

*Charles J. Zauzig, III (Nichols, Bergere & Zauzig,* on brief), for appellants.

*Harry L. Thompson (Thompson, Smithers, Newman & Wade,* on brief), for appellees.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal of a tort action arising from an alleged wrongful birth, we consider the applicable statute of limitations for the parents' claim to recover damages for expenses incurred in the care and treatment of their afflicted child.

This case was decided on a plea in bar in the trial court and for purposes of the plea, the facts stated in the plaintiffs' motion for judgment were deemed true. During the period April 10, 1987 through November 27, 1987, Dr. Oscar M. Laserna, who practiced obstetrics and gynecology, treated Karen J. Glascock, who was then pregnant. Mrs. Glascock was a "high-risk" patient because of her medical history.

On July 15, 1987, certain diagnostic tests were performed on Mrs. Glascock. Dr. Laserna informed her that the results of these tests were normal. On November 27, 1987, Mrs. Glascock gave birth to a baby girl, Ashley Glascock, who was born with numerous congenital anomalies. As a result of these conditions, Ashley has had numerous surgeries, including open heart surgery, a complication of which was brain damage. According to the motion for judgment, properly administered diagnostic tests would have indicated that Ashley had these anomalies in utero.

Mrs. Glascock and her husband, William M. Glascock, Jr., filed this negligence action against Dr. Laserna and his professional corporation, Obstetrics and Gynecology Associates of Fredericksburg, P.C. (defendants). The Glascocks alleged they were deprived of "an opportunity to accept or reject" a continuance of Mrs. Glascock's pregnancy

because the defendants failed to ascertain and inform them that the fetus had certain anomalies. The Glascocks also alleged that they have incurred, and will incur in the future, expenses in the care and medical treatment of their afflicted child.

The defendants filed a special plea in bar in which they asserted that the parents' cause of action arising from wrongful birth is barred by the two-year statute of limitations for personal injury contained in Code § 8.01-243(A). The parents conceded "that their claim for damages for emotional distress is a claim for personal injury which would be governed by [Code § 8.01-243(A)] and is barred." However, the parents argue that their claim for the recovery of medical expenses that they have incurred in the care and treatment of their child is governed by the five-year statute of limitations contained in Code § 8.01-243(B). The trial court sustained the plea in bar because it was of opinion that the parents' action to recover for the medical expenses that their child incurred was governed by the two-year statute of limitations in Code § 8.01-243(A). We awarded the Glascocks an appeal.

Code § 8.01-243 states in relevant part:

A. Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues.

B. Every action for injury to property, including actions by a parent or guardian of an infant against a tort-feasor for expenses of curing or attempting to cure such infant from the result of a personal injury or loss of services of such infant, shall be brought within five years after the cause of action accrues.

■ Applying the plain meaning of this language, we hold that the Glascocks' claim to recover medical expenses they incurred as a result of the wrongful birth caused by the defendants' alleged negligent failure to inform them of the fetus' anomalies is governed by the two-year statute of limitations in Code § 8.01-243(A). The Glascocks cannot rely upon Code § 8.01-243(B) because they did not plead and do not have an action for injury to property. Rather, they pled that as parents, they were deprived of an informed opportunity to terminate the pregnancy. Thus, their cause of action is personal in nature.

■ It is true, as the Glascocks assert, that Code § 8.01-243(B) specifies a five-year statute of limitations "for expenses of curing or

attempting to cure such infant from the result of a personal injury or loss of services of such infant." This language, however, has no application here because there is no allegation that the defendants caused "personal injury" to their child; nor is there any allegation that the Glascocks suffered loss of services because of any act attributable to the defendants. Furthermore, the Glascocks cannot recover damages for loss of services because the basis of their claim is that they were deprived of an informed opportunity to terminate the pregnancy.

In *Naccash* v. *Burger,* 223 Va. 406, 290 S.E.2d 825 (1982), we discussed the elements of a cause of action for wrongful birth. When Mrs. Burger was three and one-half months pregnant, she and her husband went to Arlington Hospital for tests to determine if they were carriers of Tay-Sachs disease, an incurable genetic disorder. The Burgers were interviewed by a technician and advised there was no need to test Mrs. Burger unless Mr. Burger's test results were positive. Blood was withdrawn from Mr. Burger. The blood was placed in two tubes and forwarded to a medical facility for analysis. Later, the laboratory technician informed the Burgers that the test results showed that Mr. Burger was not a carrier of the Tay-Sachs disease and, satisfied with the report, Mrs. Burger continued her pregnancy and gave birth to a child. *Id.* at 410, 290 S.E.2d at 827.

Subsequently, the child began to show signs of abnormality, and she was examined and diagnosed as having Tay-Sachs disease, which resulted in her death. Further tests revealed that Mr. and Mrs. Burger were Tay-Sachs carriers. Evidence at trial revealed that Mr. Burger's blood samples were incorrectly labeled by the hospital. *Id.* at 410-11, 290 S.E.2d at 827.

The Burgers filed an action against Dr. Naccash and other health care providers. They sought, among other things, damages for emotional distress and mental anguish and expenses for the infant's care and treatment. We stated:

> [T]he Burgers are entitled to recover those damages which are the reasonable and proximate consequences of the breach of the duty owed them, viz., consequences that a reasonable and informed person could have foreseen or anticipated. . . . In applying these standards . . . the Burgers have been injured [and] are entitled to recover damages for expenses incurred in the care and treatment of their afflicted child.

*Id.* at 414, 290 S.E.2d at 830 (citations omitted).

Accordingly, we hold that here, just as in *Naccash,* the injuries complained of are injuries to the parents, governed by the two-year

112

statute of limitations. Therefore, we will affirm the judgment of the trial court.

*Affirmed.*