Present:  All the Justices

EMMETT L. PURCELL, JR.

v.  Record No. 941414      OPINION BY JUSTICE ELIZABETH B. LACY
                                          June 9, 1995
TIDEWATER CONSTRUCTION CORPORATION

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge


Emmett L. Purcell, Jr., filed a motion for judgment against his former employer, Tidewater Construction Corporation, on February 3, 1994, pursuant to Code § 65.2-308.  Purcell alleged that Tidewater wrongfully terminated his employment in retaliation for his filing a workers' compensation claim.  Tidewater responded that Purcell's cause of action was barred because it was not filed within one year of his termination as required by the limitation period set out in Code § 8.01-248.[1]  Purcell maintained that his cause of action was timely filed because it was an action for personal injury and, therefore, subject to the two-year limitation period of Code § 8.01-243(A).  The trial court held that Code § 8.01-248 applied to Purcell's cause of action and dismissed the action as untimely filed.  We awarded Purcell an appeal, and we will affirm the judgment of the trial court.

Code § 8.01-248 states:
Every personal action for which no limitation is otherwise prescribed, shall be brought within one year after the right to bring such action has accrued.[2]

[1]Tidewater filed a demurrer which the trial court treated as a plea in bar.

[2]Effective July 1, 1995, the limitation period will be two years rather than one year.  Acts 1995, ch. 9.

A "personal action," for purposes of Title 8.01, Chapter 4, Limitations of Actions, is defined as "an action wherein a judgment for money is sought, whether for damages to person or property." Code § 8.01-228. Purcell's suit for money damages arising from wrongful termination, therefore, is by definition a personal action subject to the limitation period of Code § 8.01-248 unless another limitation period is prescribed.

In attempting to avoid the one-year period imposed by Code § 8.01-248, Purcell asserts that Code § 8.01-243(A) prescribes the applicable limitation period. As relevant to our inquiry, Code § 8.01-243 provides:

> A. [E]very action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues.
> B. Every action for injury to property . . . shall be brought within five years after the cause of action accrues.

Purcell argues that wrongful termination is not an injury to property and, therefore, is a personal injury action governed by the two-year limitation period of subsection A. This construction, however, divides all personal actions into either injuries to persons or to property governed by Code § 8.01-243, thereby rendering Code § 8.01-248 meaningless or unnecessary.

More importantly, with the exception of actions based on

federally created rights,[3] we have not applied Code § 8.01-243(A) to a cause of action which did not involve either mental or physical injury to the body.  For example, in personal actions such as fraud and defamation, which do not involve such injury, we have applied Code § 8.01-248.  See, e.g., Pigott v. Moran, 231 Va. 76, 81, 341 S.E.2d 179, 182 (1986)(fraud is "financial damage personal to the individual" covered by Code § 8.01-248); Watt v. McKelvie, 219 Va. 645, 248 S.E.2d 826 (1978)(defamation).[4]  Our recent case of Glascock v. Laserna, 247 Va. 108, 439 S.E.2d 380 (1994), is no exception.  In that case, we held that the cause of action asserted by the parents, wrongful birth, like the wrongful birth claim asserted in Naccash v. Burger, 223 Va. 406, 416, 290 S.E.2d 825, 831 (1982), was a direct emotional injury to the parents governed by the limitation period of Code § 8.01-243(A).  Glascock, 247 Va. at 111-12, 439 S.E.2d at 382.  Thus, in applying Code § 8.01-243(A), we interpret "injury" in the same manner as that word is construed to determine when a cause of action for

---

[3]The United States Supreme Court, for purposes of consistency, has determined that actions brought pursuant to 42 U.S.C. §§ 1983 and 1988 are, as a matter of federal law, actions for personal injury and, therefore, subject to a state's limitation period for personal injury.  Goodman v. Lukens Steel Co., 482 U.S. 656, 661 (1987); Wilson v. Garcia, 471 U.S. 261, 275-76 (1985).  This application of the limitation period does not affect, and is unaffected by, our interpretation of whether a cause of action is a personal action for personal injuries.

[4]In 1987, the General Assembly specifically provided that fraud was subject to the two-year limitation period.  Acts 1987, ch. 679.

personal injuries accrues: "[a] positive, physical or mental hurt to the claimant."  Locke v. Johns-Manville Corp., 221 Va. 951, 957, 275 S.E.2d 900, 904 (1981).

Purcell's suit for wrongful termination is not a suit for a "positive, physical or mental hurt" and he advances no other applicable limitation period.  Therefore, Purcell's cause of action for wrongful termination is subject to the one-year limitation period established in Code § 8.01-248.

Accordingly, we will affirm the judgment of the trial court dismissing Purcell's action for wrongful termination as untimely filed.

Affirmed.