## CIRCUIT COURT OF FAIRFAX COUNTY

Sally H. Spencer

v.

Sharp Electronics Corp. et al.

### Case No. (Law) 153395

BY JUDGE MARCUS D. WILLIAMS

### December 18, 1996

This matter comes upon Defendants' Motion for Clarification of an Order entered on October 18, 1996, denying Defendants' Motion for Partial Summary Judgment. Plaintiff has filed a brief in opposition to Defendants' motion, or alternatively, in support of Plaintiff's Motion for Clarification. After consideration of the briefs submitted, Defendants' Motion for Clarification is granted. Plaintiff's alternative Motion for Clarification is denied.

On October 18, 1996, Defendants moved for summary judgment as to Count I of the Motion for Judgment, a wrongful termination claim, arguing that the one-year limitation period prescribed in Va. Code § 8.01-248[1] bars that cause of action. The Court denied Defendants' motion, concluding that the two-year limitation period prescribed in Va. Code § 8.01-243(A)[2] governs

---

[1] Prior to amendment in July 1995, Va. Code § 8.01-248 provided that "[e]very personal action for which no limitation is otherwise prescribed shall be brought within one year after the right to bring such action has accrued." Plaintiff's cause of action accrued on October 25, 1994, when Defendant Sharp Electronics Corporation terminated her employment.

[2] Va. Code § 8.01-243(A) states, in relevant part, that "every action for personal injuries, whatever the theory of recovery ... shall be brought within two years after the cause of action accrues."

Plaintiff's suit for wrongful termination because it seeks damages for mental anguish. The Court based its ruling on a narrow reading of *Purcell v. Tidewater Const. Corp.*, 250 Va. 93 (1995), wherein the Virginia Supreme Court states that for purposes of applying Va. Code § 8.01-243(A), courts must construe injury to mean "[a] positive, physical, or mental hurt to the claimant." *Id.* at 95 (alteration in original).

Defendants argue in their Motion for Clarification that the Court should reconsider its ruling because it incorrectly recognizes two limitations periods for the tort of wrongful discharge: one year for economic injuries and two years for physical and mental injuries. Alternatively, Defendants seek an order that limits recovery under Count I to damages for Plaintiff's physical and mental injuries and excludes recovery of damages for economic injuries. Plaintiff opposes the motion and asks the Court to clarify its order by ruling that Plaintiff's Motion for Judgment, filed in an earlier, nonsuited action, tolled the one-year statute of limitation. For the reasons stated below, the Court grants Defendants' request for reconsideration and denies Plaintiff's alternative Motion for Clarification.

In *Purcell v. Tidewater Const. Corp.*, 250 Va. 93 (1995), the plaintiff-employee filed a wrongful termination action against his former employer, who argued that Va. Code § 8.01-248 barred the action because it was filed more than one year after termination of the employee. The employee maintained that his wrongful termination action was an action for personal injury, governed by the two-year limitation period defined in Va. Code § 8.01-243(A). It is unclear from the *Purcell* opinion what specific personal injuries the employee allegedly suffered. Nevertheless, the Virginia Supreme Court concluded that his suit for wrongful termination was not a suit for a positive, physical or mental hurt, and thus, Va. Code § 8.01-243(A) was inapplicable. *Id.* at 95-96.

Plaintiff attempts to distinguish *Purcell* by pointing to allegations in the Motion for Judgment that she suffered mental anguish as a result of her discharge. She contends that Va. Code § 8.01-243(A) applies because mental anguish is a positive, physical or mental hurt. This Court accepted Plaintiff's argument initially. However, upon reconsideration of the rationale in *Purcell*, as well as of the implications of accepting Plaintiff's assertions, this court must grant Defendants' motion.

In *Purcell* the Supreme Court analyzed various personal actions and categorized them as actions that involve mental or physical injury to the body, such as wrongful birth, and actions not involving those injuries, such as fraud

and defamation.[3] The *Purcell* Court looked to the causes of action themselves to determine what sort of injury results: e.g., fraud leads to financial damage, whereas wrongful birth causes direct emotional injury. *See id.* at 95. It appears that, in the Supreme Court's view, wrongful termination, like fraud and defamation, does not result in direct emotional injury.

To rule that Va. Code § 8.01-243(A) applies because Plaintiff alleges mental anguish would mean that any cause of action could have two possible limitation periods, depending on the injuries alleged. If the Virginia Supreme Court intended such a radical departure, it would have expressly stated that in *Purcell.*

Accordingly, this Court concludes it must read *Purcell* more broadly. Va. Code § 8.01-243(A) does not govern Plaintiff's action for wrongful discharge because that cause of action does not involve mental or physical injury to the body.

Plaintiff's alternative Motion for Clarification requests this Court to find that the Motion for Judgment filed in Plaintiff's earlier, nonsuited defamation action tolled the statute of limitations as to this wrongful termination action. The thrust of Plaintiff's argument is that the facts alleged in the earlier defamation action were sufficient to put Defendants on notice of the instant wrongful termination action. This Court is not persuaded by this argument, particularly as the record indicates that the first Motion for Judgment, filed at Law No. 145428, was not served on the Defendants. Consequently, Defendants did not have notice of the facts underlying the defamation action or any other cause of action.

### March 12, 1997

This matter comes upon Plaintiff's Motion for Reconsideration of an Order entered on January 17, 1997, granting Defendants' Motion for Clarification and denying Plaintiff's Motion for Clarification. Plaintiff's Motion for Reconsideration is denied for the following reasons.

The issue presented in Plaintiff's Motion for Clarification, as well as in this Motion for Reconsideration, is whether commencement of a defamation action tolls the statute of limitations as to a wrongful discharge action where the Motion for Judgment alleges facts that would support both actions but

---

[3] It is not difficult to imagine a plaintiff who alleges mental anguish resulting from fraud or defamation. Nonetheless, the Supreme Court states categorically that fraud and defamation actions do not involve mental or physical injury to the body and that Va. Code § 8.01-248 governs those actions. *Purcell,* 250 Va. at 95.

seeks redress for defamation only and does not request relief for wrongful discharge.

Va. Code § 8.01-229(E)(3) provides:

> If a plaintiff suffers a voluntary nonsuit ... the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation ... whichever period is longer ...

It is clear that Plaintiff could recommence the defamation action under Va. Code § 8.01-229(E)(3). Plaintiff attempts, however, to commence a wrongful discharge action. Plaintiff contends that this action, filed within six months of the nonsuit, is not time-barred because the facts alleged in the first Motion for Judgment would have supported a wrongful discharge claim; therefore, Plaintiff maintains, the first Motion for Judgment clearly informed Defendants of the true nature of the claim.

The Court disagrees that the first Motion for Judgment clearly informed Defendants of the true nature of the claim. The pleading may have alleged facts to support various actions, but it sought redress for the alleged defamation only.[4] Thus, it is not clear how a reasonable defendant would know that Plaintiff was suing for anything but defamation. Moreover, as Defendants have correctly pointed out, the Court could not have granted Plaintiff relief for wrongful termination in the first action, regardless of the evidence presented, because Plaintiff did not plead or claim a right to such relief. *Ted Lansing Supply Co. v. Royal Aluminum and Const. Corp.*, 221 Va. 1139, 1141-42 (1981).

In *Vines v. Branch*, 244 Va. 185 (1992), the Supreme Court of Virginia considered a dispute similar to the case at bar. Specifically, the Supreme Court considered whether an oral contract claim asserted in an amended motion for judgment constituted a new substantive cause of action and was therefore barred by the statute of limitations. Much like in this case, the plaintiff argued that the new claim merely stated a different theory of recovery based on the same facts that she pleaded originally. In deciding that the

---

[4] Plaintiff contends that she erroneously labeled her claim in the first Motion for Judgment. However, Count I, the only count named in that pleading, clearly sets forth the elements of defamation. It does not address the elements of wrongful discharge.

amendment alleged a new cause of action, the Supreme Court recited and applied the following test:

It has been declared to be a fair test in determining whether a new cause of action is alleged in an amendment to inquire if a recovery had upon the original complaint would be a bar to any recovery under the amended complaint, or if the same evidence would support both, or if the same measure of damages is applicable.

*Id.* at 189. This Court recognizes that the instant case does not involve an amended Motion for Judgment. Nevertheless, the Court finds *Vines* to be instructive in deciding that Plaintiff's wrongful discharge claim is a new cause of action. First of all, recovery upon the defamation action would not bar recovery under a wrongful discharge theory. Secondly, the evidence needed to support Plaintiff's defamation claim would not be sufficient to establish wrongful discharge.

In the instant Motion for Reconsideration, Plaintiff states that this Court denied her Motion for Clarification "on the ground that the first nonsuited Motion for Judgment was never served on Defendants and hence they did not have notice of the facts underlying Plaintiff's wrongful discharge claim ... ." This statement of the Court's ruling is inaccurate. The actual discussion of Plaintiff's Motion for Clarification in the letter opinion dated December 18, 1996, is as follows:

Plaintiff's ... [motion] requests this Court to find that the Motion for Judgment filed in Plaintiff's earlier, nonsuited defamation action tolled the statute of limitations as to this wrongful termination action. The thrust of Plaintiff's argument is that the facts alleged in the earlier defamation action were sufficient to put Defendants on notice of the instant wrongful termination action. This Court is not persuaded by this argument, *particularly as the record indicates that the first Motion for Judgment, filed at Law No. 145428, was not served on the Defendants.* Consequently, Defendants did not have notice of the facts underlying the defamation action or any other cause of action.

Letter opinion dated December 18, 1996 (emphasis added).

The Court did not deny Plaintiff's Motion for Clarification because the Motion for Judgment was not served. Rather, the Court denied the Motion for Clarification because it did not find Plaintiff's arguments convincing. The Court noted the lack of service in particular to refute Plaintiff's argument that

"[t]he allegations of the First Motion for Judgment ... obviously are sufficient to have 'clearly informed' the defendants 'of the true nature' of Spencer's wrongful discharge claim within the meaning of Rule 1.4(d) [sic]." (Pl.'s Br. in Opp'n. to Mot. for Clarification by Defs., at 10-11). The allegations of the first Motion for Judgment could not have clearly informed Defendants of any claims because there was no service of that document.

For the foregoing reasons, the Motion for Reconsideration is denied.