## CIRCUIT COURT OF CHESTERFIELD COUNTY

Eshaghi

v.

Kunz

March 11, 1997

Case No. CL96-641

BY JUDGE HERBERT C. GILL, JR.

The parties appeared before the Court on February 26, 1997, on Defendant's Special Plea of the Statute of Limitations. After hearing arguments, *ore tenus*, the Court took this issue under advisement.

On October 2, 1995, Plaintiff, Mr. Eshaghi, filed a Motion for Judgment alleging that Defendant, Mr. Kunz, had violated a provision of the Interception of Wire, Electronic, or Oral Communications Act, Va. Code §§ 19.2-61 through 19.2-70.3 (hereafter "the Wiretapping Act"). Mr. Eshaghi's Motion for Judgment includes a single count seeking damages pursuant to Code § 19.2-69, a statute providing a civil remedy for criminal violations of the Wiretapping Act. Section 19.2-69 provides as follows:

> Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall (i) have a civil cause of action against any person who intercepts, discloses or uses, or procures any other person to intercept, disclose or use such communications, and (ii) be entitled to recover from any such person ... [a]ctual damages [not less than a fixed amount per day, p]unitive damages [and] reasonable attorney's fee[s and costs] ... .

Mr. Eshaghi's Motion for Judgment alleges that he has "suffered from loss of sleep, anxiety, embarrassment, humiliation, and has been held up to public ridicule and scorn in his community." Mr. Eshaghi seeks damages he incurred

as a direct and proximate result of Mr. Kunz's illegal activities. (Plaintiff's Amended Motion for Judgment.)

The parties agree that the cause of action at issue accrued on May 9, 1994. The sole controversy involves whether the Court ought to apply the two-year limitation period as provided by Va. Code § 8.01-243 or the one-year period as provided by Va. Code § 8.01-248.[1] Section 8.01-243(A) applies to "every action for personal injuries, whatever the theory of recovery." Section 8.01-248 applies to "[e]very personal action for which no limitation is otherwise prescribed." If the one-year limitation period applies, the action was barred prior to Mr. Eshaghi's October 2, 1995, filing. The issue boils down to whether Mr. Eshaghi's prayer under § 19.2-69 is an "action for personal injury." This issue as applied to the Wiretapping Act is a matter of first impression.

To determine whether Mr. Eshaghi's cause of action is for a personal injury, that is, a "positive, physical or mental injury to the claimant,"[2] this Court will consider the gist of the cause of action itself. *See, e.g., Bader v. Central Fidelity Bank*, 245 Va. 286 (1993). Mr. Eshaghi's sole claim is that Mr. Kunz illegally intercepted, used, and revealed to third parties certain electronic conversations between Mr. Eshaghi and Mr. Kunz's wife. The gist of this cause of action is invasion of privacy.

Although Mr. Eshaghi claims that the alleged invasion of privacy caused him to incur emotional damages, this Court perceives a distinction between emotional damages and a "positive ... mental injury." 250 Va. at 95 (citation omitted). Just because a tortfeasor causes a person to undergo emotional suffering for which the law permits recovery does not mean the tortfeasor has inflicted a "positive ... mental injury." *Id.* In light of the gist of Mr. Eshaghi's action, the Court finds it not an action for personal injury. Although Code § 19.2-69 permits Mr. Eshaghi to recover for the emotional damages he incurred as a proximate result of Mr. Kunz's illegal activities, Mr. Eshaghi cannot transform his cause of action into one for personal injury simply by seeking compensation for emotional suffering. This action was barred prior to the October 2, 1995, filing. The Court requests that Mr. Cabell submit an endorsed sketch order within ten days dismissing this action for the reasons stated above.

---

[1] A 1995 amendment changed the limitation period as provided by § 8.01-248 to two years. That two-year period, however, applies only to actions accruing "on or after July 1, 1995."

[2] *Purcell v. Tidewater Const. Corp.*, 250 Va. 93, 95 (1995) (citing *Locke v. Johns-Manville Corp.*, 221 Va. 951, 957 (1981)).