## CIRCUIT COURT OF FAIRFAX COUNTY

Parker-Smith

    v.

STO Corporation et al.

October 26, 1999

Case No. (Law) 173954

BY JUDGE MICHAEL P. MCWEENY

This matter comes before the Court on Defendant West's Plea in Bar as to Count IX of the Motion for Judgment. The issue is whether Va. Code § 18.2-216 is controlled by the limitation period set forth for general personal actions (Va. Code § 8.01-248) or for damages resulting from fraud (Va. Code § 8.01-243(A)). After considering the issue the Court rules that Va. Code § 8.01-248 applies and Defendant's Plea in Bar is granted.

Virginia Code § 59.1-68.3 allows a victim of a violation of Va. Code § 18.2-216 to bring an individual civil claim for damages. Neither statute designates a specific statute of limitation for an action brought under this authority. Since no limitation period is prescribed, Defendant West contends a cause of action brought pursuant to the false advertising statute is subject to the one-year limitation period prescribed of Va. Code § 8.01-248. That section as would be applied under the facts of this case states "Every personal action, for which no limitation is otherwise prescribed, shall be brought within one year after the right to bring such action has accrued."

Plaintiff, however, argues that application of Va. Code § 8.01-248 is not automatic, and the two-year statute of limitation for fraud is the appropriate limitations period to apply. Plaintiff contends that when a statute is silent as to a limitation period, Virginia courts have consistently applied an analytic process to determine the nature of the underlying cause of action of the statute.

Then, by analogy, the court can compare the statute's cause of action to a similar cause of action and apply the limitation period prescribed therefor.

In support of this theory, Plaintiff submits *Unlimited Screw Products, Inc. v. Malm*, 781 F. Supp. 1121 (E.D. Va. 1991). That case dealt with the interpretation of a claim brought under the Lanham Act, a federal false advertising statute. Since the Lanham Act contained no statute of limitation, the federal court applied the limitation period for the state cause of action that most resembled the federal statute. The federal court determined the statute was most closely related to an action in fraud, and therefore, the limitation period should be for that of fraud. Plaintiff now asserts that the same process should be used for an action brought under Virginia's False Advertising Act.

Defendant West responds with three cases wherein the Supreme Court of Virginia addressed competing statutes of limitation. Each is distinguishable from the case at bar. *McHenry v. Adams*, 248 Va. 238 (1994), "announced without deciding" which statute applied and ruled solely on accrual of the cause of action. *Luddeke v. Amana Refrigeration*, 239 Va. 203 (1990), differentiated between specific statutes on the facts presented and did not address the unappealed decision related to Va. Code § 8.01-248. Lastly, *Bader v. Central Fidelity Bank*, 245 Va. 286 (1993), involved a conversion claim of injury to property for which a limitation period is set forth Va. Code § 8.01-248. Lastly, *Bader v. Central Fidelity Bank*, 245 Va. 286 (1993), involved a conversion claim of injury to property for which a limitation period is set forth in Va. Code § 8.01-243(B). As none of the cited cases are on point, the Court must further examine the theory of *Unlimited Screw Products, Inc.*

*Unlimited Screw Products, Inc.* is based upon the interpretation of a federal statute, and no case law exists to support the same process being used for interpreting a Virginia statute. In fact, with respect to Va. Code § 65.2-308 (Virginia's wrongful termination statute) in *Purcell v. Tidewater Construction Corp.*, 250 Va. 93 (1995), the Supreme Court of Virginia has stated that:

> [w]ith the exception of actions based on federally created rights, we have not applied Code 8.01-243(A) to a cause of action which did not involve either mental or physical injury to the body.

*Id.* at 95. *Purcell* is instructive as it also involved an effort to apply an analogous limitations period to a cause of action which would otherwise be controlled by Va. Code § 8.01-248. In so doing, the plaintiff therein argued that wrongful termination was not an injury to property and, therefore, must be a personal injury action governed by the two-year statute of limitation of Va. Code § 8.01-243(A). In its analysis, the Supreme Court explained that

simply dividing all personal injury actions into either injuries to persons or injuries to property would render Va. Code § 8.01-248 "meaningless or unnecessary." *Purcell, supra,* 95.

The Court finds that the analytic process used in *Unlimited Screw Products, Inc., supra,* is inapplicable to the case at bar. While Va. Code § 18.2-216 uses the language "any other method, device, or practice which is fraudulent," it clearly is a new cause of action (per Va. Code § 59.1-68.3) for false advertising, separately created by the General Assembly. Had the legislature intended a statute of limitations other than that contained in Va. Code § 8.01-248, it could have been prescribed at the same time. The construction urged by the Plaintiff ignores this consideration and, as stated in *Purcell, supra,* would render Va. Code § 8.01-248 meaningless.

For the above-stated reasons, the Court grants Defendant West's Plea in Bar, and the cause of action as to West is hereby dismissed.