# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Brenel L. Aston

v.

Nissan North America, Inc., et al.

October 17, 2005

Case No. CL05-1304

BY JUDGE V. THOMAS FOREHAND, JR.

This matter is before the Court on defendant Tidewater Imports, Inc.'s (t/a Hall Nissan-Chesapeake) Plea in Bar and Motion to Dismiss or Stay the Proceedings and plaintiff's Motion to Overrule Defendant's Plea in Bar.

"The defensive plea in bar shortens the litigation by reducing it to a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery. The moving party carries the burden of proof on that issue of fact. . . ." When considering the pleadings, "the facts stated in the plaintiffs' motion for judgment [are] deemed true." *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882 (1996) (quoting *Glascock v. Laserna*, 247 Va. 108, 109, 439 S.E.2d 380, 380 (1994)).

This action arises out of plaintiff's purchase of a 2004 Nissan sports car from Hall Nissan-Chesapeake. Plaintiff alleges that, upon delivery, the car had many defects in material and workmanship, which were discovered within the warranty period. Plaintiff further alleges that Tidewater Imports, Inc., has been given sufficient opportunity to repair the defects, but has failed to correct the problems. Plaintiff has brought claims under Virginia law and a claim under the Magnuson/Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 et seq.

Defendant Hall Nissan-Chesapeake filed a Plea in Bar moving this Court to enter an order "compelling non-binding mediation, and in the event mediation fails, binding arbitration, for all of the disputes and claims which are the subject of this litigation, and also moves this Court to dismiss (or in the alternative stay) this action." Defendant asserts that, at the time of purchase,

plaintiff signed a Retail Buyers Order, which contained a mediation and arbitration clause; further, plaintiff initialed the clause, signifying that she had read and understood the provision.

The pertinent part of the Buyers Order reads as follows:

IMPORTANT! The Purchaser(s) and Dealer ("Parties") agree that should any Dispute (as defined in paragraph 17 on the reverse side) arise between the Parties, the Parties will first attempt to resolve the Dispute through non-binding mediation conducted by a neutral third party. Either of the Parties may initiate the mediation by contracting with the organization below. Should mediation fail, the Parties agree the Dispute will be resolved by binding arbitration by a single arbitrator rendering a written decision with separate findings of fact and conclusions of law. Purchaser's initials below evidence that the provisions in this box and section 17 on the reverse side have been read and understood by the Purchaser(s). *Alternative Dispute Resolution Agency Name and Address: Mediation and Arbitration Services of Va., 500 E. Main Street, Suite 830, Norfolk, VA. 23510, 757-274-0046.*

[Paragraph 17]: *Alternate Dispute Resolution Terms –* The organization's Rules of Mediation and Arbitration then in effect shall determine the costs of the mediation services to be borne by each Party. Each Party will be responsible for its own expenses incurred in conjunction with the mediation, including any attorney's fees. The mediation or arbitration will be held in the locality where the Dealer is located, unless the Parties agree otherwise. A Dispute is any question as to whether something must be mediated or arbitrated, as well as any allegation concerning a violation of state or federal statute, any purely monetary claim or claims seeking damages greater than $1,000.00 in the aggregate, whether based in whole or in part on the contract, tort, or other, or any combination of the foregoing, arising from the negotiation of and terms of the Buyer's Order, any service contract or insurance product, or any retail installment sale contract or lease (but this provision does not apply to and shall not be binding on any assignee thereof); provided, however, that the Purchaser(s) failure to provide consideration to be paid by Purchaser(s) (including the Purchaser(s) failure to pay a note, a dishonored check, failure to

provide a trade title, or failure to pay a deficiency resulting from additional payoff on a trade-in vehicle) as well as the Dealer's right to retake possession of the vehicle pursuant to this Buyer's Order, shall not be considered a Dispute and shall not be subject to mediation or arbitration.

*Additional Arbitration Terms* – An award by the arbitrator shall be final and binding on all parties to the proceeding. The arbitrator shall apply the substantive law of the Commonwealth of Virginia. All arbitration costs and expenses shall be borne as determined by the arbitrator. Judgment on an award may be entered by either party in the highest local, state, or federal court, or before any administrative body. THE PARTIES UNDERSTAND THAT THEY ARE WAIVING THEIR RIGHTS TO JURY TRIAL OF ALL DISPUTES BETWEEN THEM NOT SPECIFICALLY EXEMPTED FROM ARBITRATION IN THE ARBITRATION AGREEMENT.

(Def.'s Plea in Bar, Ex. 1.)

Plaintiff has filed a Motion to Overrule Defendant's Plea in Bar, asserting that this action should proceed with a trial on the merits. Plaintiff argues that she is not bound by the arbitration provisions in the subject contract because said provision is superceded by the Magnuson/Moss Warranty Act, 15 U.S.C. § 2301(3), and that "it was the intent of the United States Congress that a consumer have the right to a trial before a Court." (Pl.'s Mot. to Overrule Plea in Bar, at 1.)

"There is a liberal federal policy favoring arbitration, and the [U.S.] Supreme Court has read the [Federal Arbitration Act] to establish a presumption in favor of the enforceability of contractual arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). "The presumption of enforceability of arbitration agreements applies equally to claims founded on statutory rights. . . . Only a contrary congressional command can override the dictates of the FAA." *Shearson/American Express v. McMahon*, 482 U.S. 220, 226 (1987). In order to overcome this presumption in favor of arbitration, the party opposing arbitration bears the burden of demonstrating that "Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue." *Id.*

In *Walton v. Rose Mobile Homes*, 298 F.3d 470 (5th Cir. 2002), a case concerning a mobile-home warranty which contained a binding arbitration agreement, the U.S. Court of Appeals for the Fifth Circuit held that the text,

legislative history, and purpose of the Magnuson-Moss Warranty Act ("MMWA") does "not evince a congressional intent to bar arbitration of MMWA written warranty claims." *Id.* at 478. The Court in *Walton* further stated: "Although the legislative history of the MMWA expresses a concern with the unequal bargaining power of consumers, a perception of unequal bargaining power is not enough to unilaterally hold arbitration agreements unenforceable." *Id.*

The Court of Appeals for the Eleventh Circuit applied the Supreme Court's *McMahon* test in *Davis v. Southern Energy Homes, Inc.*, 305 F.3d 1268 (11th Cir. 2002), to determine if Congress intended to preclude arbitration of MMWA claims. *See McMahon*, 482 U.S. at 227. The Court of Appeals concluded that "written warranty claims arising under the MMWA may be subject to valid binding arbitration agreements." *See also McDaniel v. Gateway Computer Corp.*, 2004 Ohio 5368, at ¶ 17 (4th Dist. 2004) ("As the Fifth and Eleventh Appellate Circuits cogently point out, nothing in the text of the MMWA or its legislative history prohibits binding arbitration. . . . Although courts generally defer to an agency's interpretation of federal intent, we are not bound by that interpretation if a regulation flies in the face of strong federal public policy such as that promoting arbitration of disputes. In the end, the party seeking to avoid arbitration bears the burden of showing that Congress intended to preclude arbitration of the claim at issue.").

The U.S. District Court for the Eastern District of Virginia reached the opposite conclusion in *Browne v. Kline Tysons Imports*, 190 F. Supp. 2d 827 (E.D. Va. 2002), holding that, where a buyer's order contained a clause providing for only binding arbitration, the binding arbitration clause could not be enforced for MMWA claims because "any informal dispute settlement procedure that may be utilized to resolve written warranty disputes under the MMWA must be a non-binding mechanism." However, the Court's rationale in *Browne* has been specifically criticized by appellate courts because it relied on FTC regulations to determine Congressional intent in regards to the MMWA. *See, e.g., Walton*, 298 F.3d at 479 ("[I]t is improper to use the FTC regulations themselves to determine congressional intent here. As noted previously, we must consider the statute's text, legislative history, and whether its purpose conflicts with another statue, to determine Congressional intent. An agency's regulations, promulgated pursuant to a statute, are not part of this test."); *Abela v. General Motors Corp.*, 669 N.W.2d 271, 227 (Mich. App. 2003) ("[A] statute's provision for a judicial forum does not preclude enforcement of a binding arbitration agreement under the [Federal Arbitration Act]."); *McDaniel*, 2004 Ohio 5368, at ¶ 15, n. 5 ("Interestingly, although a

number of District Court opinions have upheld the FTC regulations and rule that warranty disputes cannot be subjected to binding arbitration under the MMWA, there does not appear to be any Federal Appellate Circuit that has come to that conclusion. We note that the Fifth and Eleventh Circuits have held such disputes can be subjected to binding arbitration.").

This Court concludes that the arbitration agreement in the instant case is enforceable and is not precluded by the MMWA. Accordingly, the defendant's Plea in Bar to Compel Mediation is sustained and defendant's Motion to Stay the Proceedings is granted; plaintiff's Motion to Overrule Defendant's Plea in Bar is, therefore, denied.