## CIRCUIT COURT OF FAIRFAX COUNTY

Joon C. Ahn

v.

C2 Educational
Systems, Inc., et al.

October 20, 2011

Case No. CL-2011-615

By Judge Jonathan C. Thacher

This matter came before the Court on August 19, 2011, on Defendants C2 Educational Systems, Inc., and Bobby J. Kim's Plea in Bar. Upon consideration of the pleadings, arguments of counsel, and the applicable governing authorities, the Court overrules Defendants' Plea in Bar.

### Background

Since Defendants did not introduce any evidence to support their Plea in Bar, the Court must rely on the pleadings when considering whether to grant the plea in bar. *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996). When no evidence is offered in support of a plea in bar, all of the following factual allegations in the Complaint are taken as true. *Glascock v. Laserna*, 247 Va. 108, 109, 439 S.E.2d 380, 380 (1994). Plaintiff's Second Amended Complaint alleges the following facts.

In July 2008, Plaintiff Joon C. Ahn attended an "investment seminar" held by Defendant Bobby Kim ("Kim") and Defendant C2 Educational Systems, Inc. ("C2 Education"). At the seminar, attendees were asked to invest in the subsidiary of C2 Education, which Kim referred to as C2 Futures. Kim informed the audience that this subsidiary was being formed

so C2 Education could expand into Korea. Kim also noted that C2 Futures would be formed with approximately $40 million in funding which would be utilized to open eight new C2 education centers in Korea. According to Plaintiff, Kim represented that, if you sought to make the minimum donation of $200,000, you would be issued 40,000 shares in C2 Future with a par value of $5. Furthermore, within one year of opening the shares, C2 Futures would be listed on the Korean exchange.

Later in July, Plaintiff met with Kim in Korea to discuss a $200,000 investment in C2 Futures. During this meeting, Kim reiterated the false statements from the seminar. Specifically, Plaintiff alleges that, while in Korea, Kim told Plaintiff that his investment money would be used to fund new C2 education centers in Korea. Based on these representations, Plaintiff signed a contract to invest $200,000 in C2 Futures. The contract was signed in November 2008, and Plaintiff paid for the stock on December 3, 2008.

Following this transaction, Plaintiff did not receive his stock certificates. Plaintiff eventually confronted Kim when he held another seminar in Tysons. According to Plaintiff, Kim dodged his questions. On January 15, 2010, Plaintiff sent a letter to C2 Futures in Korea demanding stock certificates. On January 27, 2010, Plaintiff received a letter and a stock certificate signed by Kim that evidenced Plaintiff owning 40,000 shares of an entity called "C2 Korea, L.L.C." Plaintiff alleges that this entity, "C2 Korea, L.L.C.," is a holding company for C2 with no assets, and thus its shares are worthless.

Following these issues, Plaintiff requested the return of his investment. According to Plaintiff, Kim told him that his $200,000 investment has been used to pay "office expenses" for existing schools because C2 had failed to raise capital necessary to expand. Furthermore, Plaintiff alleged that Kim informed him that he did not own any interest in C2 or C2 Future and that his investment was actually a loan.

Based on these allegations, Plaintiff brought a four count Complaint against the following Defendants, Bobby Kim, David Kim, C2, and C2's parent corporation Cambridge. The four counts included: Count I: Fraud (as to all Defendants); Count II: Conversion (as to all Defendants); Count III: Unjust Enrichment (as to all Defendants); and Count IV: Violations of the Virginia Securities Act (as to C2, David Kim, and Bobby Kim). This initial lawsuit was brought in the U.S. District Court in the Eastern District of Virginia on November 23, 2010, on the basis of diversity jurisdiction. The case was thereafter transferred to this Court because the Court determined that diversity jurisdiction was lacking.

On April 15, 2011, the Court heard Defendants' demurrer to Count I and IV. Although the Court sustained the demurrer to Count I with leave to amend, the Court specifically overruled the demurrer to Count IV. On May 6, 2011, Plaintiff filed an Amended Complaint with added detail to Count

IV. Defendants filed another Demurrer protesting that Plaintiff had not been given leave to supplement their pleadings to Count IV and thus it was procedurally improper to do so. Subsequently, the Court granted Plaintiffs Motion for Leave to Amend. Plaintiff then filed a Second Amended Complaint which changed Count IV back to its original text.

On May 6, 2011, after the hearing on the first Demurrer, Defendants filed a Plea in Bar to the original Count IV. After the filing of the Second Amended Complaint, Defendants filed another Plea in Bar to the allegations in Count IV.

Now before the Court is Defendant C2 Education and Bobby Kim's Plea in Bar to Count IV.

*Arguments*

Defendants argue that the Complaint fails to state a claim under Virginia Code § 13.1-522 because none of these Defendants is the "seller" of securities. Defendants assert that Virginia Code § 13.1-522(A) creates a private right of action only against a "seller" of securities. In this case, the security purchase agreement, which is attached to the Complaint, identifies C2 Future Co. as the entity that sold stock to Plaintiff. Accordingly, Defendants argue Plaintiff's cause of action under this Count is limited to C2 Future Co. and not any of the current Defendants.

Defendants also argue that the Complaint fails to state a claim under Virginia Code § 12.1-504(A) since Defendants never acted as a broker-dealer or investment manager in Virginia.

Defendants further argue that Plaintiff did not properly allege that Defendants are liable as "controlling persons" under Virginia Code § 13.1-522(C), since a claim of control person liability is a different cause of action from a claim of seller liability. Therefore, Defendants cannot be held liable for violating § 13.1-504(C) since neither of them met the statutory requirement as a "controlling person" of a seller.

Lastly, Defendants argue that Count IV is barred by the applicable limitations period.

Plaintiffs respond by arguing that Defendants' Plea in Bar deals with the exact same issue that Defendants' first Demurrer addressed. Moreover, since the Court overruled this demurrer on April 15, the Court should find the same result since the language of Count IV in the Second Amended Complaint is identical to the Original Complaint.

*Analysis*

A. *Standard of Proof*

"[A] plea in bar is a defensive pleading that reduces the litigation to a single issue," *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 562, 422

S.E.2d 757, 758 (1992), "which, if proven, creates a bar to the plaintiffs right of recovery." *Cooper Indus., Inc. v. Melendez*, 260 Va. 578, 594-95 (2000). The party asserting a plea in bar bears the burden of proof on the issue presented. *Hawthorne v. VanMarter*, 279 Va. 566, 578 (2010) (citing *Baker v. Poolservice Co.*, 272 Va. 677, 688, 636 S.E.2d 360, 367 (2006)). However, when the party presents no evidence in support of the plea, "the court must rely solely upon the pleadings." *Tomlin*, 251 Va. at 480, 468 S.E.2d at 884. Moreover, when considering the pleadings, "the facts stated in the plaintiffs' motion for judgment [are] deemed true." *Glascock*, 247 Va. at 109, 439 S.E.2d at 380. Thus, when the moving party fails to introduce evidence to support the motion, a defensive plea in bar has a very similar standard of proof to that of a demurrer.

## B. *Plaintiffs Sufficiently Alleged Count IV*

Under Count IV, the Complaint alleges that Defendants violated Va. Code §§ 13.1-502[1] and 13.1-504[2] by selling Plaintiff securities in C2 Future through a scheme to defraud, and, thus, Defendants are liable under Va. Code § 13.1-522. Virginia Code § 13.1-522(A) provides that:

> Any person who: (i) sells a security in violation of §§ 13.1-502, 13.1-504 A . . . or (ii) sells a security by means of an untrue statement of a material fact or any omission . . . shall be liable to the person purchasing such security from him who may sue either at law or in equity to recover the consideration paid for such security, together with interest thereon at the annual rate of six percent, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of such security, or for the substantial equivalent in damages if he no longer owns the security.

---

[1] § 13.1-502 provides: "It shall be unlawful for any person in the offer or sale of any securities, directly or indirectly, (1) To employ any device, scheme, or artifice to defraud, or (2) To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (3) To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."

[2] § 13.1-504 provides: "A. It shall be unlawful for any person to transact business in this Commonwealth as (i) a broker-dealer or an agent, except in transactions exempted by subsection B of § 13.1-514, unless he is so registered under this chapter; (ii) an investment advisor or investment advisor representative unless he is so registered under this chapter; or (iii) a federal covered advisor unless he has filed such documents and paid such fee as the Commission by rule or order may require."

In summary, this section provides that any person who sells securities (1) in violation of § 13.1-502, (2) in violation of § 13.1-504(A), or (3) through fraud, is liable for damages caused thereby. Here, Plaintiff claims that Defendants violated both §§ 13.1-502 and 13.1-504(A).

Defendants first argue that Plaintiff has failed to plead a violation of Va. Code § 13.1-504 because this section prohibits any person from transacting business as a broker-dealer or investment advisor in the commonwealth without first registering, and Plaintiff has not alleged Defendants were acting in any of these capacities. Thus, Plaintiff has failed to state a violation of § 13.1-504.

Defendants are correct. Plaintiff failed to allege the elements necessary for a violation of § 13.1-504; Plaintiffs complaint fails to allege Defendants were acting as a broker-dealer or investment advisor. Accordingly, Defendants cannot face liability for any alleged violations of § 13.1-504.

However, it does appear Defendants can face liability for the other alleged section, § 13.1-502. As noted above, Virginia Code § 13.1-522(A) provides that:

> Any person who: (i) sells a security in violation of §§ 13.1-502 . . . shall be liable to the person purchasing such security from him who may sue either at law or in equity to recover the consideration paid for such security, together with interest thereon at the annual rate of six percent, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of such security, or for the substantial equivalent in damages if he no longer owns the security.

Defendants argue that this count is barred against them as a matter of law because none of these Defendants, C2, Bobby Kim, or David Kim, sold the securities. The contract attached to the Complaint identifies C2 Futures as the seller of the securities, and thus these Defendants do not fall within the gambit of Va. Code § 13.1-522 because § 13.1-522 only applies to "any person who sells."

Defendants' argument is without merit. Va. Code § 13.1-522(C) flatly contradicts Defendants contention that this section only applies to the actual seller. Va. Code § 13.1-522(C) provides:

> Every person who directly or indirectly controls a person liable under subsection A . . . including every partner, officer, or director of such a person, every person occupying a similar status or performing similar functions, every employee of such a person who materially aids in the conduct giving rise to the liability, and every . . . agent who materially aids in such conduct shall be liable jointly and severally with and to the same extent as such person. . . .

In this case, Plaintiff has alleged sufficient facts to impose liability on Defendants Kim and C2 under the theory that they were acting as agents/principals of the actual seller C2 Futures when the fraud occurred. Virginia case law stipulates that an agent/principal relationship is sufficient for liability under Virginia Code § 13.1-522(C). *See Atocha, Ltd. P'ship v. Witness Tree, L.L.C.*, 65 Va. Cir. 213, 215, 226-27 (Fairfax 2004) (holding that the defendant "controlled" a business when he acted as an agent or principal for that business, even though no direct proof existed that he had "actual or apparent authority). Thus, in the present case, Plaintiffs' Complaint sufficiently alleges liability under this statute when the Complaint routinely refers to Kim and C2 as "principals" of C2 Futures and that Defendants orchestrated the fraud scheme to sell C2 Futures' securities. Although Defendants contend otherwise, Plaintiff has clearly alleged sufficient facts to establish that C2 Education and Bobby Kim were control persons sufficient to impute liability.

Accordingly, the facts alleged are sufficient to impute liability upon Defendants pursuant to Va. Code § 13.1-522(C). Therefore, Defendants argument that liability cannot be imposed upon them under Va. Code § 13.1-522(A) is without merit, and the plea in bar to this Count should be overruled.

## C. *Count IV Is Not Barred by the Applicable Statute of Limitations*

Defendants finally argue that Count IV, which alleges a cause of action under the Virginia Securities Act, is barred by the applicable statute of limitations. As will be discussed below, this argument is without merit.

The statute of limitations for claims arising under the Virginia Securities Act is two years from the date of the transaction upon which the claim is based. *See* Va. Code § 13.1-522(D).

Here, Plaintiff alleges that he entered into a contract with Defendants to purchase stock in C2 Education on November 28, 2008. Accordingly, Plaintiff had until November 28, 2010, to file a claim under the Virginia Securities Act regarding this stock transaction. Plaintiff timely filed his initial complaint, which alleged a claim under the Virginia Securities Act, in U.S. District Court on November 23, 2010. Although Plaintiff's case was later transferred to this Court after the limitations period had run, the initial filing in the District Court tolled the statute of limitations. *See* Va. Code § 8.01-229 ("if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period."). Accordingly, Plaintiff's claim is not barred by the statute of limitations because it was timely filed in U.S.

District Court on November 23, 2010, and then immediately transferred to this Court after it was decided the federal court lacked jurisdiction.

## Conclusion

Because Plaintiff has properly alleged a violation of § 13.1-502, and because Plaintiff is within the purview of Va. Code § 13.1-522, the Plea in Bar with respect to Count IV is overruled. Furthermore, Plaintiffs claim is not barred by the applicable statute of limitations.